## No. 2744.—STATE OF LOUISIANA v. NATHAN SCHWAB.

In case of a suspension from' office of the sheriff, by the district judge, for alleged neglect of duty, if the next Legislature, to whom the report of the suspension has been made, in accordance with the provisions of act No. 123, approved September 14, 1868, fails to take any action thereon before adjournment, the sheriff is entitled to resume his office again, the same as if the suspension had not taken place.

APPEAL from the Second Judicial District Court, parish of Jefferson. Pardee, J. Z. McKay, district attorney, for appellee. Preston & Labatt and Alexander Walker, for defendant and appellant.

TALIAFERRO, J. This is an appeal from a judgment rendered upon a rule taken by the district attorney upon the sheriff of the parish of Jefferson, by which the judge a quo suspended the sheriff from his office on the grounds :

First—That he neglected his duty as sheriff in failing to arrest a party against whom a bill of indictment had been found for shooting with intent to kill one Hugh Brown, of the said parish of Jefferson.

Second—For failing to make his return, under oath, as required by the third section of an act of the Legislature, numbered 123, approved on the twenty-ninth of September, 1868.

By the provisions of that act, charges of the kind brought against the defendant, which authorizes, in the cases mentioned, the suspension from office of a sheriff, it is made the duty of a district or parish·

judge, upon the facts being made known to them by the district attorney of the district, to suspend from office such delinquent sheriff and thereupon to forward to the Governor of the State a copy of the proceedings and order of suspension to be by him laid before the Legislature at its next session for their action in either reinstating the officer or dismissing him permanently from office.

This suspension in the case of the defendant occurred in July, 1869, and the proper report was made to the Legislature at its late session. The session has terminated without the action of that body being taken in the case, and we infer that no proceeding having been had in the premises by the Legislature, which by law, has jurisdiction of matters of the sort, the decree of the court suspending the defendant is virtually annulled and that he is entitled to resume the functions of his office.

It is therefore ordered, adjudged and decreed that the judgment of the district court be annulled, avoided and reversed. It is further ordered that the defendant, Nathan Schwab, be reinstated in his office of sheriff of the parish of Jefferson, and that he be allowed to discharge the duties thereof according to law